# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

### CASE NO.:  1:26-cv-12906

JENNIFER L. COOK,

                    Plaintiff,

v.

UPPER DECK, LTD.,

                    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff JENNIFER L. COOK by and through her undersigned counsel, brings this Complaint against Defendant UPPER DECK, LTD. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff JENNIFER L. COOK ("Cook") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Cook's original copyrighted Works of authorship.

2. Defendant UPPER DECK, LTD. ("Upper Deck") is a wholesale distributor specializing in giftware, home décor, antique reproductions, and furnishings. Upper Deck operates primarily as a B2B wholesaler, supplying boutique retailers, gift shops, and décor stores. At all times relevant herein, Upper Deck owned and operated the internet website located at the URL https://www.upperdeckltd.com (the "Website").

3. Jennifer Cook alleges that Upper Deck copied Cook's copyrighted works from the internet in order to advertise, market and promote its business activities. Upper Deck committed

the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of Upper Deck's business.

## JURISDICTION AND VENUE

4.    This is an action arising under the Copyright Act, 17 U.S.C. § 501.

5.    This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

6.    Upper Deck is subject to personal jurisdiction in Massachusetts.

7.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Upper Deck engaged in infringement in this district, Upper Deck resides in this district, and Upper Deck is subject to personal jurisdiction in this district.

## DEFENDANT

8.    Upper Deck, Ltd. is a Massachusetts Corporation, with its principal place of business at 10 Pequod Road, Fairhaven, MA, 02719, and can be served by serving its Registered Agent, Paul A. Piva, at the same address.

## THE COPYRIGHTED WORKS AT ISSUE

9.    Jennifer Cook created the sculptures listed in the table below which details the Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, and which are referred to herein as the "Works." One of the Works is shown below.

| Title | Registration Date | Registration Number |
|---|---|---|
| Matched Pair Rattlesnake Entrance Sculptures | June 16, 2021 | VA 2-267-344 |

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

| Title | Registration Date | Registration Number |
|---|---|---|
| Guardians of the Gates Entrance Sculptures-Emerald Tree Monitor (Varanus Prasinus) | May 01, 2023 | VA 2-350-682 |
| Guardians of the Gates Entrance Sculptures-Rhinoceros Iguana (Cyclura Cornuta) | May 01, 2023 | VA 2-350-684 |

**"Matched Pair Rattlesnake Entrance Sculptures":**



10.     Cook registered the Works with the Register of Copyrights on June 16, 2021, May 01, 2023 and May 01, 2023, and was assigned registration numbers VA 2-267-344, VA 2-350-682 and VA 2-350-684. Copies of the Registration Certificates and the Works they apply to are attached hereto as **Composite Exhibit 1.**

11.     At all relevant times Jennifer Cook was the owner of the copyrighted Works.

12.    Cook's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

13.    The Works in perspective, orientation, positioning, expression, and other details are entirely original, distinctive, and unique. As such, the Works qualify as subject matter protectable under the Copyright Act.

14.    Cook never authorized Upper Deck to use her Works.

## INFRINGEMENT BY UPPER DECK

15.    Upper Deck has never been licensed to use the Works for any purpose.

16.    On a date after the Works at issue were created, but prior to the filing of this action, Upper Deck copied the Works.

17.    On or about December 06, 2023, Cook discovered the unauthorized use of her Works on the Website. Upper Deck offered for sale unauthorized copies of the Works.

18.    Upper Deck copied Cook's copyrighted Works without Cook's permission.

19.    After Upper Deck copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its wholesale distribution business, and distributed copies of the Works that Upper Deck sold to its customers.

20.    Upper Deck copied and distributed Cook's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services including products that copied, bore and used the Works.

21.    Upper Deck committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

22.    Cook never gave Upper Deck permission or authority to copy, distribute or display the Works for any purpose.

23.    Cook notified Upper Deck of the allegations set forth herein on February 26, 2026, and March 17, 2026.  To date, the parties have failed to resolve this matter.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

24.    Jennifer Cook incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.    Cook owns valid copyrights in the Works.

26.    Cook registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27.    Upper Deck copied, displayed, and distributed the Works and made derivatives of the Works without Jennifer Cook's authorization in violation of 17 U.S.C. § 501.

28.    Upper Deck performed the acts alleged in the course and scope of its business activities.

29.    Upper Deck's acts were willful.

30.    Jennifer Cook has been damaged.

31.    The harm caused to Cook has been irreparable.

WHEREFORE, Plaintiff JENNIFER L. COOK prays for judgment against Defendant UPPER DECK, LTD. that:

a.    Upper Deck and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

5
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

b.  Upper Deck be required to pay Jennifer Cook her actual damages and Defendant's profits attributable to the infringement, or, at Jennifer Cook's election, statutory damages, as provided in 17 U.S.C. § 504;

c.  Jennifer Cook be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon;

d.  Jennifer Cook be awarded pre- and post-judgment interest; and

e.  Jennifer Cook be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Jennifer Cook hereby demands a trial by jury of all issues so triable.

Dated: June 25, 2026                    Respectfully submitted,

*/s/ Rebecca A. Kornhauser*
REBECCA A. KORNHAUSER
BBO Number: 716854
Rebecca.kornhauser@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Jennifer L. Cook*